IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JOHNNIE ODUM,

    Plaintiff,

v.                               CIVIL ACTION NO.: CV606-054

BULLOCH COUNTY PUBLIC
DEFENDER OFFICE; BULLOCH
COUNTY JAIL; BULLOCH COUNTY,
and JACK WILLIAMSON, Public
Defender,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at the Bryan County Jail in Pembroke, Georgia, has filed an action pursuant to 42 U.S.C. § 1983. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff has filed a compliant identical to case number CV606-045. In that complaint, Plaintiff contended the same issues and requested the same relief verbatim. An action is barred by prior litigation if: "(1) there is a final judgment on the merits; (2) the decision is rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." Ragsdale v Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999).

The prior action was dismissed because Plaintiff failed to state a claim upon which relief could be granted. A dismissal of a claim for failure to state a claim is a ruling on the merits. See FED .R. CIV. P. 41(b). The Order was entered by this Court. District courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or

2

AO 72A
(Rev. 8/82)

treaties of the United States pursuant to 28 U.S.C. § 1331. Therefore, this Court has competent jurisdiction over 42 U.S.C. § 1983 and 28 U.S.C. § 1915A actions.

This action names as Defendants, the Bulloch County Public Defenders Office, Bulloch County Jail, Bulloch County, and Public Defender Jack Williamson. The prior action listed the same defendants. The present action also complains that Plaintiff went seven months without any contact from his appointed lawyer and that the Captain of the jail pulled a taser gun on him to force him to go to court without proper representation. This is identical to the complaint in case number CV606-045.

Based on the foregoing, it is my recommendation that Plaintiff's complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED** this _8th_ day of August, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE